1

2

3

4

5

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **1:95-CR-05036-AWI** |
| **Plaintiff,** | |
| | **ORDER ON DEFENDANT'S MOTION** |
| **vs.** | **FOR REDUCTION OF SENTENCE** |
| | **PURSUANT TO 29 U.S.C. § 3582** |
| **OSCAR LUNA,** | |
| | **Docs. #s 606, 609, and 626** |
| **Defendant.** | |

        Defendant Oscar Luna ("Defendant") was convicted following jury trial on November

14, 1996, of one count of conspiracy to distribute marijuana and one count of conspiracy to

distribute methamphetamine.  Defendant was sentenced to a term of 240 months on the first

count and 360 months on the second.  The terms were sentenced to run concurrently for a total

term of 360 months.  On November 1, 2014, Amendment 782 to the United States Sentencing

Guidelines ("USSG") became effective reducing the applicable base offense level for sentences

involving a number of drugs, among them methamphetamine, by two points.  Pursuant to 18

U.S.C. § 3582(c), an individual sentenced under a guideline range that is later reduced may

move for adjustment of his sentence to reflect the reduction in offense level.  Currently before

the court is the motion of Defendant to adjust his sentence downward to reflect a sentence that

would be appropriate if a two-level reduction in the base offence level had been used to calculate

his sentence.  Defendant's motion is opposed by plaintiff United States ("Plaintiff").

In <u>Dillon v. United States</u>, 560 U.S. 817 (2010), the Supreme Court set forth a two-step analysis to determine if sentence reduction is warranted under section 3582(c).  First, a court must determine if the requested reduction "is consistent with [USSG] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)."  <u>Id.</u> at 862.  The second step requires that the court consider the request for reduction using the factors set forth in section 3553(a), which include the factors normally used in the determination of a reasonable sentence.  <u>Id.</u>  The decision of a district court to grant or not grant a motion for reduction pursuant to section 3582 is reviewed for abuse of discretion.  <u>United States v. Chaney</u>, 581 F.3d 1123, 1125 (9th Cir. 2009).  A district court abuses its discretion "if it does not apply the correct law or it rests its decision on a clearly erroneous finding of material fact."  <u>Id.</u> (internal quotation marks and citations omitted).

The 1995 edition of the Guidelines Manual was used to compute the sentencing ranges applicable to Defendant's convictions.  According to the Presentence Report prepared by the Probation Department prior to Defendant's sentencing, the application of guidelines to the facts of Defendant's offence resulted in a base offense level of 34.  To this, four points were added for leadership role and two points were added for obstruction of justice because Defendant produced a false document or documents during proceedings prior to trial.  Thus, the total offense level was computed to be 40 and the criminal history category was computed to be III.  Defendant was sentenced to the bottom of the guideline range of 360 months to life.  Defendant contends that the application of a base offense level of 32 to the same sentencing factors would result in a term of imprisonment to 292 months.

Pertinent to this discussion, USSG § 1B1.10 requires, among other things, that the request to reduce sentence can be granted only for sentences whose guideline ranges were reduced pursuant to specifically enumerated amendments to the Guidelines.  Subsection 1B1.10 also requires that that the actual sentence imposed, including most downward departures or variances from the minimum of the Guideline range, must be greater than the sentence that

would result by a two-level reduction in the guideline range.  Plaintiff concedes that Defendant's request for reduction under section 3582(c) meets the requirements of USSG 1B1.10 because the table used to calculate his sentence was modified by Amendment 782, which is included among the enumerated Amendments and because Plaintiff did not receive any downward departures at sentencing.  The court therefore directs its attention to the second step of the two-step analysis set forth in <u>Dillon</u> by considering whether adjustment is appropriate in consideration of the section 3553(a) factors.

Of the factors to be considered under section 3553(a), Plaintiff contends that consideration of the need to protect the public from "further crimes of the defendant," 3553(a)(2)(C), demands that Defendant's request be denied.  As Plaintiff correctly points out, USSG § 1B1.10 app. Note 1(B)(ii) provides that "the court shall consider the nature and seriousness of the danger of any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  Plaintiff also notes that Application note 1(B)(iii) provides that the court may consider post-sentencing conduct of the defendant in determining the potential harm to the public from earlier release of the defendant.

Plaintiff points to two facts supporting its contention that Defendant's earlier release would expose the public to further crimes of the Defendant.  First, Plaintiff alleges there is no evidence in the record indicating Defendant ever took responsibility for his role in the drug distribution conspiracy and has never indicated any remorse for his conduct.  Second, Plaintiff alleges Defendant has continued a course of criminal conduct while incarcerated by submitting false or forged documents under oath in an attempt to win habeas relief.

Plaintiff's opposition to Defendant's motion consists in large part of a summary of evidence and proceedings from Defendant's conviction through Defendant's appeal and his first habeas petition and three sequential motions pursuant to 28 U.S.C. § 2255.  Plaintiff points out that on two occasions, once in connection with his trial and once in connection with his efforts to secure habeas relief, Defendant submitted what were purported to be a declaration by Defendant's nephew, Pete Luna, each recanting or attempting to recant his prior deposition

testimony and his prior testimony at trial.  Plaintiff provides an extensive argument why Pete Luna's attempts to recant should be considered either forged or known by Defendant to contain false information.  Plaintiff points out that Defendant's conviction was the product of extensive and compelling evidence from sources other than the testimony of Pete Luna, and that the information contained in the purported recantations is inconsistent with evidence from other reliable sources.

Defendant does not dispute the factuality of Plaintiff's allegations except in one minor detail not important to this discussion.  Rather, Defendant contends any consideration of facts pertaining to his post-conviction efforts to obtain habeas relief are irrelevant to the determination of section 3553(a) factors, because the court would be required to address the merits of Defendant's fourth motion pursuant to 28 U.S.C. §2255, which the court cannot do because the bar against second or successive motions under section 2255 denies district courts' jurisdiction over such motions.[1]  In addition, Defendant contends the litigation privilege bars any consideration of Defendant's filings not related to the present issue.  Defendant contends there is no evidence indicating Defendant represents a danger to the public and that the sentence should be reduced in order to partially reduce the sentencing disparity between his sentence and that of co-defendant Wayne Peterson.[2]

Because there were no downward adjustment or departures at the original sentencing, Defendant's leadership role, his failure to take responsibility and the nature of the offense were fully accounted for in the original sentence.  Thus, of the arguments posited by Plaintiff in opposition to Defendant's motion, the only consideration not factored into the sentence as originally imposed is Plaintiff's allegation that Defendant continued to exhibit criminal conduct

---

[1].  Apparently, Defendant's fourth successive petition was addressed to and denied by the Ninth Circuit Court of Appeals.  This court's docket report does not appear to reflect the appellate court's receipt of or decision on Defendant's fourth successive motion.

[2]   Peterson was originally sentenced to a term of 420 months, but his conviction was vacated on appeal on a Burton issue.  See United States v. Peterson, 140 F.3d 819 (9th Cir. 1998).  Rather than retry the case, Peterson was offered and accepted a plea agreement which resulted in a sentence of 144 months.

while incarcerated by submitting successive section 2255 petitions, the fourth of which contained a declaration that was known by Defendant to either be forged or to have contained information that was known by Defendant to be false.  To the extent Plaintiff's argument may suggest that the court should deny Defendant's request in part because he submitted a number of successive petitions for habeas relief that were found to be meritless or insufficient to overcome the bar against second or successive petitions, the court declines to consider this as an indicator predicting future criminal conduct in and of itself.  The court considers Plaintiff's primary argument in support of its opposition to Defendant's request to be that the filing of the Declaration of Pete Luna as an exhibit to his fourth successive habeas petition knowing that the contents of the declaration were false or that the declaration was forged *is* a reliable indicator of the probability of future criminal conduct.  It is to this issue the court now turns.

As Plaintiff correctly points out, application note 1(B)(iii) provides that a court "may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment" in determining the risk to the public from the earlier release of the defendant.  Defendant's fourth successive petition for habeas relief was filed on March 13, 2013.  Plaintiff alleges that Defendant submitted declarations of Pete Luna on two occasions.  The first was presented in connection with the trial and the second was attached to Defendant's fourth successive habeas petition.  Plaintiff observes that the signatures on the two documents, both purportedly being the signature of Pete Luna, are markedly different and the facts alleged in the two documents are not consistent.  From this, Plaintiff reasons that one or both of the documents were forged and that Defendant's submission of the declarations, containing as they do factual allegations that are inconsistent with facts established by other credible witnesses, is tantamount to perjury.  Plaintiff's contends that Defendant's willingness to commit what is essentially the crime of perjury following his conviction and sentence is evidence that Defendant's earlier release would place citizens at risk of Plaintiff's criminal conduct.

The addition of two levels to Plaintiff's total offense level score for obstruction serves to illustrate that Defendant has a penchant for prevarication when it suits him.  However, it is not

clear to the court that this fact, or Plaintiff's repeated, and sometimes apparently dishonest, efforts to achieve a reduction in his sentence reliably indicate that the public will be at risk of "further crimes of the defendant" if a two-level adjustment is made to Defendant's sentence. Plaintiff was incarcerated for drug dealing, not dishonesty, and it is the potentiality of Defendant's return to drug dealing upon release that the court must assess. While dishonesty at the level that Defendant is alleged to have practiced it shows a marked lack of character, the court has difficulty extrapolating from the alleged dishonesty to the probability that Defendant will resume drug dealing upon his release. The court notes that Defendant is a disbarred attorney and, as such, is extraordinarily well equipped to understand the ramifications of supervised release and the consequences of re-offense. It is anticipated that the harsh consequences of any future drug offense should be sufficient to supply adequate motivation to prevent reversion to criminal conduct by Defendant.

The court concludes that it lacks a logically and factually sound reason to deny Defendant's motion for adjustment of his sentence pursuant to 18 U.S.C. § 3582. The motion will therefore be granted. It is the court's understanding that the Amendment 782 and similar amendments to the USSG represent Congress's intention to lower the base offense level for various drug offenses as a matter of policy. While district courts have broad discretion to grant or not grant motions under section 3582, the process by which the motions are to be considered under Dillon make it clear that, barring disqualifying facts such as the application of downward departures at the time of original sentencing, a qualifying defendant's sentence is to be adjusted to the sentence that would have imposed at the time of sentencing had the base offense level been two levels less. In the instant case, Defendant's total offense level, after adjustment for leadership role and obstruction of justice, was determined to be 40. This level includes all pertinent considerations of seriousness of the offense, Defendant's role in the offense and its impact on the community. Because the court does not find that Plaintiff's history of prevarication is an adequate indicator of reversion to drug dealing the court finds the proper step

is to simply correct Plaintiff sentence by applying a two level reduction to the total calculated offense.

A two-level reduction produces total offense level of 38.  With a criminal history category of III, the indicated sentencing range is 292 to 360 months.


THEREFORE, for the reasons discussed above, it is hereby ORDERED that Defendant's motion for reduction of sentence pursuant to 28 U.S.C. § 3582 is GRANTED.  Defendant's sentence is hereby adjusted to a total term of 292 months custody.  Defendant's motion to strike portions of Plaintiff's opposition (Document 626) is DENIED as moot.  Defendant's Motion to Correct, vacate or set aside his sentence pursuant to § 2255 (Document Number 606) is hereby ordered STRICKEN as improperly filed in this court.  All other conditions of Defendant's sentence remain unchanged.

IT IS SO ORDERED.

Dated:   July 29, 2015                                    _____

SENIOR  DISTRICT  JUDGE