UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:95-cr-05036-AWI |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| v. | |
| OSCAR LUNA, | |
| Defendant. | |

**I. Introduction**

Defendant Oscar Luna ("Defendant") was convicted following jury trial on November 14, 1996, of one count of conspiracy to distribute marijuana and one count of conspiracy to distribute methamphetamine. Presentence Investigation Report ("PSR") at ¶ 1. Judge Coyle found both that Defendant was the leader in the drug trafficking organization and that defendant obstructed justice by submitting declarations with false signatures. PSR at ¶¶ 11-13, 20-21. Defendant was sentenced to a term of 240 months on the first count and 360 months on the second. The terms were sentenced to run concurrently for a total term of 360 months. The Court also imposed upon Defendant a 60-month term of supervised release. On July 29, 2015, this Court granted Defendant's motion for sentence reduction, pursuant to 18 U.S.C. § 3582(c), reducing Defendant's sentence to 292 months. Defendant was released from custody on June 10,

2016. Doc. 630. Presently, Defendant has completed nearly two years of his five year term of supervised release. Defendant now seeks early termination of his term of supervised release. Doc. 630. The United States opposes Defendant's motion. For the following reasons, Defendant's motion for supervised release will be denied.

## II. Legal Standard

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which requires the Court to consider the factors set forth in § 3553(a), including "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Sahakari*, 2014 WL 3845166, *1 (N.D. Cal. Aug. 4, 2014) (quoting *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002)). After considering such factors, the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Defendant has "the burden of showing that he is entitled to early termination." *United States v. Robins*, 2014 WL 11790802, *2 (C.D. Cal. May 27, 2014) (citing *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

## III. Discussion

Defendant's motion is straight forward: because he has complied with the conditions of his supervised release for twenty months, because compliance with terms of supervised release impair his ability to successfully conduct his business of managing a music group, and because "the alleged serious of [D]efendant's conduct and history of obstruction of justice is, and has always been, highly questionable," the Court should grant early termination of his term of supervised release. Doc. 637; *see* Doc. 630. As part of his motion, Defendant submits a declaration from his nephew, who provided evidence against him at trial, purporting to recant,

and indicating that the United States Attorney who prosecuted the action coerced the testimony.[1]

The United States opposes Defendant's motion, arguing that the relevant considerations of section 3553 do not weigh in favor of early termination of supervised release. The United States notes that Defendant's suggestion of unsupervised travel to Mexico "raises concerns given [his] drug trafficking history." Doc. 634 at 3. The United States also emphasizes that Defendant has served roughly one third of his term of supervised release and has paid very little toward the fine imposed. Doc. 634 at 2.

The Court agrees in full with the assessment of the United States. The nature and circumstances of Defendant's offense—drug trafficking in large amounts of marijuana and methamphetamine—give the Court pause in its consideration of lifting all supervision from Defendant for his stated purpose of travelling internationally "on demand," "last minute," and without limitation to manage a music group. *See* Doc. 631 at ¶ 6. Also significant, Defendant's attempt to diminish the seriousness of his conduct by submitting evidence tending to undermine his conviction and the obstruction of justice enhancement demonstrates that Defendant has not accepted responsibility for his conduct. Instead, Defendant seems to suggest that his sentence and the term of supervised release initially imposed were somehow unfair or not justified. Defendant's apparent denial of the misconduct for which he was convicted and sentenced sharpens the Court's concerns regarding recidivism and the need to protect the public.

Next, the Court is unconvinced that termination of supervised release is necessary to accomplish Defendant's stated purposes. As Defendant notes, United States Probation Office has been accommodating in allowing him to leave the district to complete his employment obligations. The Probation Office is well versed in such matters and its continued supervision serves the purposes for which such supervision was originally imposed. The Court is not convinced that early termination of supervised release is warranted.

The Court does not seek to diminish the value of Defendant's compliance with the terms

---

[1] Although not dispositive to this matter, the Court would note that Defendant's motion seeks to rely upon factual material inconsistent with his conviction and sentence. Because finding that Defendant did not obstruct justice is necessarily inconsistent with his conviction and sentence, such a finding (although unnecessary in this action) would be precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994).

of supervised release. Defendant has no violations. Compliance, however, is what is expected of a Defendant on supervised release; it does not in and of itself constitute an adequate basis to terminate supervised release early. *See United States v. Bauer*, 2012 WL 1259251, *2 (N.D. Cal. 2012) (citing cases).

**IV. Order**

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion for early termination of supervised release is DENIED without prejudice.

IT IS SO ORDERED.

Dated: March 12, 2018

_____
SENIOR DISTRICT JUDGE